UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
2012 SEP 19  P 1: 19
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA    :

v.    :    CR. No.

MICHAEL G. BOUTHILLETTE    :    CR12 129-02M

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, MICHAEL G. BOUTHILLETTE have reached the following agreement:

1. Defendant's Obligations.

    a.  Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges one count of Corruptly Giving a Gratuity to an Official of a City Receiving Federal Funds, in violation of 18 U.S.C. §666(a)(2). Defendant will plead guilty to the Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. §3161.

    b.  Defendant also agrees to perform community service as a condition of supervised release. Defendant and the government agree that Defendant will be required to contribute the sum of $160,000.00 as approved by the U.S. Probation Department and the Court

1

in satisfaction of this community service obligation.  The government and Defendant agree that the contributions shall be used to make grants for educational, public safety, social services or housing programs in Central Falls that redress the harm caused by Defendant's criminal conduct.  Defendant also agrees to release to the City of Central Falls any funds which Central Falls has already collected or may collect in the future based on liens placed on properties by the defendant for boarding up properties, or for any related invoice.  The parties understand the approximate value of those funds to be $277,000.  The defendant will execute any documents that are necessary to achieve this objective, including withdrawing any claim related to the boardup invoices currently filed by him or his companies with the United States Bankruptcy Court.  The defendant agrees that neither the contributions nor the amounts released will be used in any way to seek an income tax deduction or credit.

    2.   Government's Obligations.  In exchange for Defendant's waiver of indictment and plea of guilty:

        a.   The government will recommend that the Court impose a term of imprisonment within the guideline range for the offense level determined by the Court under the United States Sentencing Guidelines (the guidelines), but not including probation or a split sentence.  The defendant agrees that he will recommend a prison sentence no lower than twelve (12) months in prison.

b.  For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the Guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c.  As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial.  If the offense level is 16 or greater, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. §3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d.  The United States is free to recommend any period of supervised realease.

e.  The United States agrees that it will recommend a fine no greater than $5,000.

f.  The United States agrees that, apart from the funds specified in ¶1(b), restitution is not warranted in this case.

g.  The United States agrees that, other than the charge in the Information in this case, it will not bring any other criminal charges against Michael Bouthillette which (1) fall within the scope of the grand jury investigation in the District of Rhode Island relating to invoices submitted for work boarding up homes in Central

3

Falls from in or about September 2007 to in or about November 2010 and the gratuities given by the defendant to Mayor Charles D. Moreau as a reward for Moreau's role in giving the defendant the boardup work; or (2) was known to the United States Attorney's Office for the District of Rhode Island as of the date of the execution of this plea agreement and which concerned the same subjects.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

   a. The parties agree that the guideline applicable to gratuities, U.S.S.G. §2C1.2, applies in this case.

   b. The parties further agree that the offense involved more than one gratuity, see U.S.S.G. §2C1.2(b)(1).

   c. The parties further agree that the value of the gratuities exceeded $5,000, but was less than or equal to $10,000, see U.S.S.G. §2C1.2(b)(2) and §2B1.1(b)(1)(B).

   d. The parties further agree that the offense involved an elected official, see U.S.S.G. §2C1.2(b)(3).

4

5.  Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case.  Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6.  The maximum and minimum statutory penalties for the offenses to which Defendant is pleading are as follows:

> Count 1:         - Ten (10) years imprisonment;
>                  - a term of supervised release of three (3) years;
>                  - a fine of $250,000; and
>                  - a mandatory special assessment of $100.

7.  Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments.  Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8.  Defendant is advised and understands that:

5

   a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

   b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

   c. Defendant has the right to a jury trial;

   d. Defendant has the right to be represented by counsel - and if necessary have the Court appoint counsel - at trial and every other stage of the proceeding;

   e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

   f. Defendant waives these trial rights if the Court accepts a plea of guilty.

 9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

 10. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any

recommendations that it deems appropriate.  If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

    14.   This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

    15.   This agreement constitutes the entire agreement between the parties.  No other promises or inducements have been made concerning the plea in this case.  Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement.  Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

    16.   Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____    Date  9/14/12
MICHAEL G. BOUTHILLETTE
Defendant


_____    Date  9/14/12
C. LEONARD O'BRIEN, ESQ.
Counsel for Defendant


_____    Date  9/17/12
TERRENCE P. DONNELLY
Assistant U.S. Attorney


_____    Date  9/17/12
J. PATRICK YOUNGS
Special Assistant U.S. Attorney


_____    Date  9/14/12
ADI GOLDSTEIN
Assistant U.S. Attorney
Deputy Criminal Chief